# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| P.L. Banks, Inc., <br><br>        Plaintiff, <br><br> v. <br><br> Organized Fishing, Inc., <br><br>        Defendant. | Case No. 14-cv-3013 (SRN/HB) <br><br><br> **MEMORANDUM OPINION <br> AND ORDER** |

D. Clay Taylor and Josiah R. Fricton, D. Clay Taylor, P.A., 1221 Nicollet Mall, Suite 212, Minneapolis, MN 55403, for Plaintiff.

Daniel J. Cragg, Eckland & Blando, LLP, 10 South Fifth Street, Suite 800, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court on Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), or in the Alternative, Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 5].  For the reasons set forth below, the Court denies Defendant's Motion to the extent that it seeks transfer of venue, and denies without prejudice Defendant's Motion to the extent that it seeks partial dismissal.

## II.     BACKGROUND

According to the Complaint in this matter, Plaintiff P.L. Banks, Inc. is a commissioned independent sales representative in the fishing and outdoor sporting goods industry.  (Compl. [Doc. No. 1-1] ¶ 1.)  Plaintiff is incorporated in Illinois and has its

principal place of business in Illinois.  (Id.)  However, Plaintiff is registered to do business in Minnesota, services retail store accounts in Minnesota, and has sales staff and an office located in Chanhassen, Minnesota.  (Id.)  Defendant Organized Fishing, Inc. is a California corporation that manufactures or imports fishing rod and tackle storage and organizational products and has its principal place of business in Santa Rosa, California.  (Id. ¶ 2.)

Plaintiff alleges that, on approximately July 22, 2008, Defendant retained Plaintiff as an independent sales representative to sell Defendant's products in an exclusive thirteen-state territory, which included Minnesota.  (Id. ¶ 5.)  According to Plaintiff, Defendant agreed under the parties' written contract to pay Plaintiff a commission on the sales originating in Plaintiff's territory.  (Id. ¶ 6.)  Plaintiff contends that it was responsible for opening several major retail accounts and procuring large sales programs, including at Gander Mountain, in its territory, and that principals of Defendant attended meetings with Plaintiff and retail store buyers in Minnesota.  (Id. ¶¶ 3, 7–9.)

On approximately September 30, 2013, Defendant allegedly terminated Plaintiff without prior warning or good cause.  (Id. ¶ 10.)  According to Plaintiff, Defendant has refused to pay Plaintiff commissions that it had earned on sales procured by Plaintiff prior to termination, but that shipped after termination.  (Id. ¶ 11.)  Plaintiff also contends that a portion of the unpaid commissions were for sales that were booked and shipped prior to Plaintiff's last day of work for Defendant.  (Id. ¶ 12.)  Based on the foregoing, Plaintiff asserted six causes of action against Defendant in Minnesota state court:  breach of contract (Count I); quantum meruit (Count II); failure to pay commissions under the Minnesota Sales

Representative Act, Minnesota Statutes § 325E.37 (Count III); violation of Minnesota

Statutes § 181.145 (Count IV); violation of the Illinois Sales Representative Act, 802 ILCS

§ 120 (Count V); and wrongful termination under the Minnesota Sales Representative Act

(Count VI).  (See id. ¶¶ 13–48.)

Defendant removed the lawsuit to this Court and, on August 14, 2014, filed the

present Motion.  Along with their briefing [Doc. Nos. 7, 16, 22], the parties submitted

declarations containing facts relevant to the transfer-of-venue portion of Defendant's

Motion.  Defendant submitted the Declaration of John Friday, Defendant's President and

CEO.  (See Friday Decl. [Doc. No. 9] ¶ 1.)  Mr. Friday states that Defendant has only two

employees at its Santa Rosa office and no offices, employees, or property in Minnesota.

(Id. ¶ 2.)  Mr. Friday also asserts that Defendant is struggling financially and would be

substantially burdened if forced to incur travel expenses related to this case or if the two

employees were required to attend trial in Minnesota.  (Id.)  In addition, Mr. Friday states,

Defendant's accountants are located in Iowa and all contract negotiations and commission

payment discussions between Defendant and Plaintiff took place over email and telephone,

between California and Illinois.  (See id. ¶¶ 3, 8, 10.)

Plaintiff submitted the Affidavit of Kevin Gardner, a Minnesota resident and account

representative for Plaintiff who managed Defendant's retail store accounts, including the

account with Gander Mountain, in Minnesota and North Dakota.  (See Gardner Aff. [Doc.

No. 17] ¶¶ 1, 2, 4.)  Mr. Gardner previously owned Gardner Sales Associates, Inc., a

Minnesota corporation, but he agreed to "effectively merge" the company's business into

Plaintiff's business after being diagnosed with Multiple Sclerosis, which made traveling difficult.  (See id. ¶¶ 1–3.)  According to Mr. Gardner, he worked with two Minnesota-based Gander Mountain buyers to book the principal business at issue in this lawsuit.  (See id. ¶ 6.)

## III.    DISCUSSION

### A.    Motion to Transfer Venue

Defendant first moves to transfer venue to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).  (Mem. of Law in Supp. of Mot. to Transfer or for Partial Dismissal [Doc. No. 7] ("Def.'s Mem.") at 1.)  That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "[This] statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer:  (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997) (citation omitted).  In conducting this analysis, the plaintiff's choice of forum is entitled to at least some deference even when the plaintiff is foreign, see In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010), and the party seeking to transfer venue bears the burden of establishing that a transfer is warranted, Terra Int'l, Inc., 119 F.3d at 695 (citation omitted).  That burden may not be met simply by showing that the "factors are evenly balanced or weigh only slightly in favor of transfer."  Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121

(D. Minn. 1999) (citation omitted).  Rather, the balance of factors must "'strongly'" favor

the movant.  Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).  Because the

balance of factors does not weigh strongly in favor of Defendant in this case, its motion to

transfer must be denied.

### 1.    Convenience of the parties

Defendant argues that the convenience-of-the-parties factor weighs in its favor

because transferring the case to California would be significantly more convenient for

Defendant but would be only nominally more inconvenient for Plaintiff.  (See Def.'s Mem.

at 22.)  According to Defendant, its officers and offices are located in California, the travel

expenses and loss of productivity that would result from having to travel to Minnesota for

trial would be a heavy burden, and—by filing this lawsuit in Minnesota—Plaintiff has

already conceded that litigating outside of its home state is not inconvenient.  (See id. at 20–

22.)  Moreover, Defendant asserts, Plaintiff's only presence in Minnesota is through a

company Plaintiff hired to do sales representative services.  (See id. at 5, 20–21.)

Plaintiff, on the other hand, argues that this factor weighs against transfer.  (Pl.'s

Mem. Opposing Def.'s Mot. to Transfer or for Partial Dismissal [Doc. No. 16] ("Pl.'s

Opp.") at 9.)  Plaintiff points out that neither party is a resident of Minnesota and both are

closely-held corporations whose principals reside outside of this District.  (Id.)

Accordingly, Plaintiff contends, the burden upon the parties is equal in terms of production

of records.  (See id.)  In addition, Plaintiff argues, its key account executive responsible for

the Gander Mountain account—which is the subject of the principal matter in dispute—is a

Minnesota resident who has Multiple Sclerosis and has difficulty traveling.  (See id. at 1, 5–7, 10.)

While it is true, as Defendant asserts, that travel expenses and loss of productivity are relevant considerations on a motion to transfer, see In re Apple, Inc., 602 F.3d at 913, both parties will be subjected to such inconveniences, along with the production of records, if the case remains in this District.  And, although Defendant has no offices in Minnesota, Plaintiff has stated that it does have offices in Minnesota.  Most importantly, Plaintiff's key account executive on what it contends to be the major account at issue is located in Minnesota.  Thus, while it may be more convenient for Defendant to litigate in California, it appears that it will be more convenient for Plaintiff to litigate in Minnesota, and transfer of venue does not exist simply to shift the inconvenience from the defendant to the plaintiff.  See Terra Int'l, Inc., 119 F.3d at 696–97 (citation omitted).  Accordingly, this factor does not weigh in favor of transfer.

### 2.      Convenience of the witnesses

Regarding the convenience of the witnesses, this Court considers the number of non-party witnesses, the location of all witnesses, and the preference for live testimony.  See, e.g., Graff, 33 F. Supp. 2d at 1121.  In this regard, Defendant argues that California is "as" convenient of a forum as Minnesota for the essential non-party witnesses.  (See Def.'s Mem. at 23.)  Specifically, Defendant asserts that the allegations turn on actions taken—or not taken—by the companies in California and Illinois; namely, the payment of commissions and the termination of the agreement.  (See id.)  In addition, Defendant asserts,

Minnesota is only one of thirteen states in Plaintiff's sales territory, and Plaintiff will have witnesses from those other states, as well.  (See id. at 24.)  Finally, Defendant points out that its accountants are located in Iowa and will have to be deposed there whether the case proceeds in Minnesota or in California.  (See id. at 24–25.)  Plaintiff, on the other hand, argues that this factor weighs against transfer because the only non-party witnesses identified by the parties—i.e., the Gander Mountain employees and Defendant's accountants—are located in Minnesota and Iowa, not in California.  (See Pl.'s Opp. at 11.)

Defendant's argument is belied by its own acknowledgement that "'Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.'"  (Def.'s Mem. at 20 (quoting Van Dusen v. Barrack, 376 U.S. 612, 645–46 (1964)) (emphases added).)  Thus, even if it were true that California would be an "equally" convenient forum for the non-party witnesses, such a determination is not sufficient to warrant transfer.  Moreover, based on the parties' submissions, it appears that there are at least two important non-party witnesses located in Minnesota, and no non-party witnesses located in California.  Because those Minnesota witnesses will be outside of the subpoena power of the Court if this action is transferred to California, this factor does not favor transfer.

### 3.    Interests of justice

In considering the interests-of-justice factor, the Court considers the plaintiff's choice of forum, judicial economy, the costs to the parties of litigating in each forum, the obstacles to a fair trial, conflict-of-law issues, the advantages of having a local court

determine issues of local law, and the parties' relative abilities to enforce a judgment.  See,
e.g., Terra Int'l, Inc., 119 F.3d at 696.  Defendant asserts that four of these considerations
are neutral (Plaintiff's choice of forum, the obstacles to a fair trial, the advantages of having
a local court apply local law, and the parties' abilities to enforce a judgment).  (See Def.'s
Mem. at 26–28.)  However, Defendant argues that the three remaining considerations favor
transfer.  As for judicial economy, Defendant asserts that "[Plaintiff] is engaging in forum
shopping in order to avail itself of courts most familiar with certain favorable Minnesota
statutes," which unnecessarily burdens the Minnesota courts.  (Id. at 25.)  As for the expense
of litigating, Defendant contends that it will be alleviated of any cost of travel if the
proceedings are moved to California, while Plaintiff's costs will only marginally increase.
(Id. at 26–27.)  Finally, Defendant argues that the choice-of-law analysis favors application
of California law.  (Id. at 27.)  In opposition, Plaintiff argues that transferring the lawsuit to
Defendant's home venue is not appropriate simply because this dispute involves two non-
resident companies, and that Plaintiff's choice of venue is entitled to some deference even
though Plaintiff chose a foreign venue because the choice was based on "legitimate
logistical concerns."  (Pl.'s Opp. at 11–12.)

        The Court agrees with Defendant that certain of the considerations under the
interests-of-justice factor are neutral in this case:  the obstacles to a fair trial, the
advantages of having a local court apply local law, and the parties' abilities to enforce a
judgment.  However, the Court does not agree that Plaintiff's choice of forum is a neutral
consideration.  Defendant concedes as much in its brief, noting that Plaintiff's choice of

forum in this case is entitled to "less deference." (See Def.'s Mem. at 26.) "'[L]ess' deference does not mean 'no' deference." Burks v. Abbott Labs., Civ. No. 08–3414 (JRT/JSM), 2008 WL 4838720, at *2 (D. Minn. Nov. 5, 2008). Thus, Defendant "must still overcome a presumption in favor of [Plaintiff's] selection of Minnesota as a litigation forum." Id. (citation omitted).

In addition, the Court is not persuaded by Defendant's other arguments. First, rather than forum shopping, it appears that Plaintiff has chosen a forum in which several important witnesses reside and in which at least some of the events that support its lawsuit occurred. Second, as discussed above, transfer of venue does not exist simply to shift the costs of litigation from the defendant to the plaintiff. Finally, although Defendant devotes a considerable portion of its brief to a choice-of-law analysis, (see Def.'s Mem. at 8–19), as Defendant acknowledges, choice of law is only one of many considerations in a motion to transfer and courts can apply the law of another state as easily as their own, (see id. at 25–29). Moreover, as discussed below, at this stage of the proceedings it is premature for the Court to determine which states' laws to apply. Accordingly, this factor does not favor transfer.

Defendant has failed to demonstrate that any of the transfer-of-venue factors favor transfer. Therefore, Defendant has not met its burden of establishing that a transfer is warranted, and its Motion must be denied in that regard.

### B.        Motion for Partial Dismissal

In the alternative, Defendant moves to dismiss Plaintiff's statutory claims under

Minnesota and Illinois law (Counts III through VI of Plaintiff's Complaint), as well as the

Fourth and Fifth Prayers for Relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  (See Def.'s Mem. at 2; Def.'s Mot. to Transfer Pursuant to 28 U.S.C. § 1404(a),

or in the Alternative, Mot. for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc.

No. 5] at 1.)  When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes

the facts in the Complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir.

1986).  However, the Court need not accept as true wholly conclusory allegations, see

Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal

conclusions the plaintiff draws from the facts pled, Westcott v. City of Omaha, 901 F.2d

1486, 1488 (8th Cir. 1990).  In addition, the Court ordinarily does not consider matters

outside the pleadings on a motion to dismiss.  See Fed. R. Civ. P. 12(d).  The Court may,

however, consider exhibits attached to the complaint and documents that are necessarily

embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir.

2003), and may also consider public records, Levy v. Ohl, 477 F.3d 988, 991 (8th Cir.

2007).[1]

---

[1]        Because neither of the declarations submitted by the parties is embraced by the
pleadings or is a public record, the Court will not consider their contents when evaluating
this portion of Defendant's Motion.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556. Because Defendant's bases for dismissal are premature, Defendant's Motion must be denied at this stage of the litigation.

### 1.    Counts III through VI

Defendant's motion to dismiss Plaintiff's claims that were brought under Minnesota and Illinois law is premised on the argument that, under a choice-of-law analysis, California law should govern this case. (See Def.'s Mem. at 8–19, 29–30.) According to Defendant, "[this] matter involves a contract dispute between two foreign companies who negotiated, executed, and performed the contract from their domiciled fora, Illinois and California," and Plaintiff has no significant contacts in Minnesota. (Id. at 18–19.) Plaintiff, on the other hand, argues that the Motion must be denied because application of California law is improper. (See Pl.'s Opp. at 15–23.) According to Plaintiff, Defendant has benefited from millions of dollars of sales originating in Minnesota and other parts of the Midwest and should have foreseen that it would be subject to various states' laws. (See id. at 16.)

Under Minnesota's choice-of-law principles, a court must first determine "whether the choice of one state's law over another's creates an actual conflict." Jepson v. Gen. Cas. Co. of Wis., 513 N.W.2d 467, 469 (Minn. 1994) (citation omitted); see Heating & Air Specialists, Inc. v. Jones, 180 F.3d 923, 928 (8th Cir. 1999) (stating that federal district courts apply the choice-of-law provisions of the state in which they sit in diversity cases). If an actual conflict exists, the court must next consider whether the laws can be constitutionally applied. See Jepson, 513 N.W.2d at 469. For application of a state's law to be permissible, "'that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair.'" Id. at 469–70 (quoting Allstate Ins. Co. v. Hague, 449 U.S. 302, 312–13 (1981)). If the laws may be constitutionally applied, the court then considers five factors in determining which one to apply: "(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law." Id. at 470 (citation omitted).

The Court declines to conduct this fact-intensive choice-of-law analysis at this time. On a motion to dismiss, the Court is limited to consideration of the facts alleged in the Complaint, and Plaintiff has alleged that it has a presence in Minnesota relevant to this lawsuit and that certain of its claims in this lawsuit stem from activities that occurred in Minnesota. Without discovery and a fuller record, it is not possible for the Court to evaluate which states' laws should apply to Plaintiff's claims.

### 2.      Fourth and fifth prayers for relief

Defendant's motion to dismiss Plaintiff's Fourth and Fifth Prayers for Relief, which seek reinstatement of Plaintiff as Defendant's independent sales representative and damages for commissions lost from the date of termination to the date of reinstatement, is premised on the argument that only arbitrators—and not courts—are authorized by the Minnesota Sales Representative Act to order such remedies.  (See Def.'s Mem. at 30–33.)  Defendant also argues that Plaintiff's prayer for reinstatement (i.e., equitable relief) must be dismissed because Plaintiff has an adequate remedy at law (i.e., money damages).[2]  (See id. at 33–36.)

The Court declines to address Defendant's arguments at this state of the proceedings. First, "forms of relief are not proper subject matter for a Rule 12(b)(6) motion to dismiss." JS IP, LLC v. LIV Ventures, Inc., No. 8:11CV424, 2012 WL 2871794, at *9 (D. Neb. July 12, 2012) (citing Kan.-Neb. Nat. Gas Co. v. City of Hastings, 10 F.R.D. 280, 281 (D. Neb. 1950)); see Branch v. O'Brien, No. 4:14-cv-147, 2014 WL 7405780, at *2 (S.D. Ga. Dec. 29, 2014) ("Rule 12(b)(6), a vehicle for testing whether a plaintiff is entitled to relief, . . . is an improper vehicle for challenging the sufficiency of a prayer for relief, which is merely part of the relief sought."); Ostrofsky v. Sauer, No. 2:07-cv-00987 MCE KJN PS, 2010 WL 891263, at *2 (E.D. Cal. Mar. 8, 2010) (citing Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)) ("A complaint is not subject to a motion to dismiss because the prayer seeks relief that is not recoverable as a matter of law.").  Second, even if prayers for relief were

---

[2]      Although Plaintiff construed Defendant's argument as a challenge to Plaintiff's ability to bring Count II for quantum meruit, (see Pl.'s Opp. at 13–15), Defendant confirmed in its reply brief that it is not seeking dismissal of Count II, (see Def.'s Reply [Doc. No. 22] at 7 n.3).

proper subjects for a motion to dismiss, the Court declines to rule on this issue until the

choice-of-law question is properly before the Court and, then, only if it is determined that

the Minnesota Sales Representative Act applies to Plaintiff's case.  For these reasons,

Defendant's Motion is denied without prejudice to the extent that it seeks dismissal of

Counts III through VI, and the Fourth and Fifth Prayers for Relief, in Plaintiff's Complaint.

       **THEREFORE, IT IS HEREBY ORDERED THAT** Defendant's Motion to

Transfer Pursuant to 28 U.S.C. § 1404(a), or in the Alternative, Motion for Partial Dismissal

Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 5] is **DENIED IN PART AND DENIED**

**WITHOUT PREJUDICE IN PART**, as detailed herein.


Dated:  February 2, 2015         s/Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge